UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

CASE NUMBER:

**CHONG LONG AKA CHONG GANDY,**

    **Plaintiff(s)**

**v.**

**AMERICA'S SERVICING COMPANY AND
WELLS FARGO BANK N.A.,**

    **Defendant(s)**
_____/

## COMPLAINT

**COMES NOW** the Plaintiff, **CHONG LONG AKA CHONG GANDY** (**"PLAINTIFF"**) alleges that the Defendants **AMERICA'S SERVICING COMPANY AND WELLS FARGO BANK N.A., ("DEFENDANTS")**, has violated sections of 15 U.S. C. §1692 et. seq., under the Fair Debt Collection Practices Act ("FDCPA") and Section 559.55, et seq., Florida Statutes ("FCCPA"), and respectfully requests the imposition of statutory damages, attorney's fees and costs, and in support thereof states as follows:

### GENERAL ALLEGATIONS

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §§1331, 15 U.S.C. §1692k(d), 15 U.S.C., which grants the United State District Courts jurisdiction to hear this action without regard to the amount in controversy and 15 U.S.C. §1692 et seq.

2. Venue is proper in the Southern District of Florida because the acts and transactions described herein occurred in Palm Beach County, Florida. The Defendants regularly

transacts business in Palm Beach County. The Plaintiff is a resident of Palm Beach County, Florida. The purported debt arises out of Palm Beach County.

3. This action arises out of the invasion of the Plaintiff's personal and financial privacy, Defendants' violation of the FDCPA, and Defendants' illegal efforts to collect a consumer debt from the Plaintiffs.

## PARTIES

4. Plaintiff is defined as a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Plaintiff is a debtor as that term is defined by section 559.55(2), Florida Statutes.

6. The Defendants, are foreign corporations with its principle place of business in San Francisco, California. Defendant, America's Servicing Company is a subsidiary of Defendant Wells Fargo Bank, N.A.

7. Defendants' principle business is the collection of debt, it regularly uses mail, communication for debt collection. Defendants are "debt collectors" as defined by 15 U.S.C. §1692a(6).

8. Defendants are "debt collectors" as defined by the FDCPA.

9. Defendants have engaged in conduct in violation of the FDCPA and the FDDCPA and constituting intentional harassment and abuse of the Plaintiff, by and through its agents and representatives.

## FACTUAL ALLEGATIONS

10. Defendants are acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

11. On or around September 2, 2010, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc., Trust 2006-HE4, filed a foreclosure action

      against the Plaintiff in regards to this debt. The foreclosure action was filed in the Fifteenth District of Florida, under case number 502010CA022254XXXXMB

12. On or around March 11, 2015, the Honorable William R. Slaughter granted the Plaintiff's Motion for Involuntary Dismissal at Trial at the Close of all the evidence. The Order is attached as Exhibit "A".

13. On or around May 18, 2015, the Defendants sent the Plaintiff a mortgage statement for the debt which it is not entitled to collect due to res judicata. The mortgage statement misrepresents the legal status of the debt by stating that the "loan has been referred to foreclosure". It also misrepresents the amount of the debt since the Defendants are not entitled to collect this debt. Further, the statement claims that the Plaintiff owes payments from June 1, 2014 through to May 1, 2015. The statement also claims that the Defendants have made "the first notice or filing required by applicable law for the foreclosure process" an action that cannot legally be taken. The mortgage statement is attached as Exhibit "B".

14. On or around June 16, 2015, the Defendants sent the Plaintiff a mortgage statement for the debt which it is not entitled to collect due to res judicata. The mortgage statement misrepresents the legal status of the debt by stating that the "loan has been referred to foreclosure". It also misrepresents the amount of the debt since the Defendants are not entitled to collect this debt. Further, the statement claims that the Plaintiff owes payments from July 1, 2014 through to June 1, 2015. The statement also claims that the Defendants have made "the first notice or filing required by applicable law for the foreclosure process" an action that cannot legally be taken. The mortgage statement is attached as Exhibit "C".

15. On or around July 16, 2015, the Defendants sent the Plaintiff a mortgage statement for the debt which it is not entitled to collect due to res judicata. The mortgage statement misrepresents the legal status of the debt by stating that the "loan has been referred to foreclosure". It also misrepresents the amount of the debt since the Defendants are not entitled to collect this debt. Further, the statement claims that the Plaintiff owes payments from July 1, 2014 through to June 1, 2015. The statement also claims that the Defendants have made "the first notice or filing required by applicable law for the foreclosure process" an action that cannot legally be taken. The mortgage statement is attached as Exhibit "D".

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION

## PRACTICES ACT, 15 U.S.C. §1692 et seq.

16. Plaintiffs incorporates by reference all the facts and allegations contained in paragraphs 1-16 of this Complaint as though fully stated herein.

17. Defendants engaged in false or misleading representations under 15 U.S.C. §1692e(2)(a) by misstating the character, amount or legal status of the debt.

18. Defendants engaged in false or misleading representations under 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken.

19. Wherefore, the Plaintiff is seeking the statutory damages in the amount up to ONE THOUSAND DOLLARS AND ZERO CENTS ($1,000.00) per violation pursuant to 15 U.S.C. §1692k(a)(2)(A),and reasonable attorney's fees and costs pursuant to 15 CU.S.C. §1692k(a)(3).

## DEMAND FOR JURY TRIAL

20. The Plaintiff demands a trial by jury of all issues so triable in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment against Defendants, award Plaintiffs statutory damages, actual damages, attorney's fees and costs and any further relief this Court deems just and proper.

Respectfully submitted this 24th day of July, 2015.

Korte & Wortman, PA
2041 Vista Parkway, Suite # 102cong
West Palm Beach, FL 33411
(561) 228-6200 Office
(561) 245-9075 Fax

By: \_\_\_\_\_/s/ BRIAN KORTE_____
[ ]     Brian K. Korte
           FBN: 0129690